**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DATA SPEED TECHNOLOGY LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| INTERNATIONAL BUSINESS MACHINES | ) | **JURY TRIAL DEMANDED** |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | | |

<u>**COMPLAINT FOR PATENT INFRINGEMENT**</u>

This is an action for patent infringement in which Plaintiff Data Speed Technology LLC makes the following allegations against Defendant International Business Machines Corporation:

<u>**BACKGROUND**</u>

1.     Kenneth H. Conner is a life-long computer engineer with knowledge and experience with many technologies, including mainframe computers, application software, operating systems, cellular communications and networking from working with or at technology giants including Digital Equipment Corporation, Argonne National Laboratory, Bell Labs, Motorola, and Lucent.  In early 1993, Mr. Conner, along with James. G Hunter, Gregory P. Spar and Bruce Anderson invented of a new information management and storage system that enabled multiple computers to independently read and write to a mass storage device in a relatively high speed manner on a first come, real time basis.  For example, the computer first accessing a particular memory address space or file would have the exclusive ability to write to that file and the file would be locked to subsequent computers attempting to write to it, which allowed multiple computers to use a mass storage device in a high speed manner without conflict.  By the summer of 1993, the team had developed a working functional prototype of their invention.  On

November 9, 1993, the team filed an application for patent on the invention, and on February 2, 1999, the U.S. Patent and Trademark Office issued U.S. Patent No. 5,867,686 (the "Conner Patent").

## PARTIES

2.      Plaintiff Data Speed Technology LLC ("Data Speed Tech") is a Delaware limited liability company.

3.      On information and belief, Defendant International Business Machines Corporation ("Defendant") is a Delaware corporation with its principal office at 1 New Orchard Road, Armonk, New York 10504. Defendant has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

## JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, including § 271.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Defendant because, among other reasons, Defendant has done business in this District, has committed and continues to commit acts of patent infringement in this District, and has harmed and continues to harm Data Speed Tech in this District, by, among other things, using, selling, offering for sale, and importing infringing products and services in this District.

6.      Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) because, among other reasons, Defendant is subject to personal jurisdiction in this District, has committed and continues to commit acts of patent infringement in this District.  On information

and belief, for example, Defendant has used, sold, offered for sale, and imported infringing products in this District.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 5,867,686

7.      Data Speed Tech is the owner by assignment of the Conner Patent, entitled "High Speed Real-Time Information Storage System." A true and correct copy of the Conner Patent is attached as Exhibit A.

8.      Defendant has been and now is directly infringing the Conner Patent, literally and under the doctrine of equivalents, in this judicial District and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling electronic information management and storage products and services that use a method of providing memory access to a memory mass storage device by a plurality of computers, each functioning under an independent operating system, and such method comprising the steps of: receiving a write access request identifying a memory space from a requesting computer of the plurality of computers by the memory mass storage device; granting access and reserving the memory space for the exclusive use of the requesting computer and denying write access to the memory space by any other computer of the plurality of computers for the duration of the access grant to the requesting computer; and receiving a write access request and a required memory size from a second requesting computer of the plurality of computers. In addition and alternatively, Defendant is infringing by, among other things, making, using, importing, offering for sale, and/or selling electronic information management and storage products and services, comprising: a memory mass storage device; a plurality of computers, each functioning under an independent operating system, operably connected to the memory mass storage device through an external bus; a communication processor of the memory mass storage device operably connected to the

plurality of computers through the external bus for receiving an access request from a requesting computer of the plurality of computers identifying a memory space of the memory mass storage device; a controller of the memory mass storage device operably connected to the communication processor for granting exclusive write access to the identified memory space by the requesting computer for a duration of the access grant to the requesting computer; and a dynamic memory map containing a listing of the identified memory space. The infringing products and services include, for example, Defendant's programs entitled IBM Lotus Quickr and IBM Rational Portfolio Manager.

9.     By engaging in the conduct described herein, Defendant has injured Data Speed Tech and is thus liable for infringement of the Conner Patent pursuant to 35 U.S.C. § 271(a).

10.     Defendant has committed these acts of infringement without license or authorization.

11.     As a result of Defendant's infringement of the Conner Patent, Data Speed Tech has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court, and Data Speed Tech will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

12.     Data Speed Tech has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendant, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the Conner Patent.

4

## PRAYER FOR RELIEF

Data Speed Tech respectfully requests that this Court enter:

A.      A judgment in favor of Data Speed Tech that Defendant has infringed the Conner Patent;

B.      A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the Conner Patent, or such other equitable relief the Court determines is warranted;

C.      A judgment and order requiring Defendant to pay Data Speed Tech its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the Conner Patent as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement;

D.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Data Speed Tech its reasonable attorneys' fees against Defendant;

E.      A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Data Speed Tech, including without limitation, pre-judgment and post-judgment interest; and

F.      Any and all other relief to which Data Speed Tech may be entitled.

## DEMAND FOR JURY TRIAL

Data Speed Tech, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

April 12, 2013                                    BAYARD, P.A.

OF COUNSEL:                                       _/s/ Richard D. Kirk_

Alexander C.D. Giza                              Richard D. Kirk (#0922)
Marc A. Fenster                                  Stephen B. Brauerman (#4952)
RUSS, AUGUST & KABAT                             Vanessa R. Tiradentes (#5398)
12424 Wilshire Boulevard 12th Floor              222 Delaware Avenue, Suite 900
Los Angeles, California 90025                    P.O. Box 25130
Telephone: 310/826-7474                          Wilmington, DE 19899
Facsimile: 310/826-6991                          (302) 655-5000
agiza@raklaw.com                                 rkirk@bayardlaw.com
                                                 sbrauerman@bayardlaw.com
                                                 vtiradentes@bayardlaw.com

                                                 _Attorneys for Plaintiff_
                                                 _Data Speed Technology LLC_