IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DATA SPEED TECHNOLOGY LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 13-618-SLR |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| INTERNATIONAL BUSINESS MACHINES ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## IBM'S ANSWER AND DEFENSES

Defendant International Business Machines Corporation ("IBM"), by and through its undersigned counsel, hereby answers the Complaint filed by Plaintiff Data Speed Technology LLC ("Plaintiff") as follows:

### ANSWER TO COMPLAINT

#### Background

1. IBM admits that U.S. Patent No. 5,867,686 bears an issue date of February 2, 1999, and claims priority to a patent application filed on November 9, 1993. IBM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of the Complaint and therefore denies them.

#### Parties

2. IBM lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and therefore denies them.

3. IBM admits that it has a principal office at 1 New Orchard Road, Armonk, New York 10504 and that Corporation Trust Company, Corporation Trust Center, 1209 Orange Street,

Wilmington, Delaware 19801, is a registered agent for service of process of IBM in Delaware. IBM denies that it is a Delaware corporation.

### Jurisdiction and Venue

4. IBM admits that the Complaint purports to set forth an action arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, but denies that there are any factual or legal bases for Plaintiff's claims. IBM admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. IBM admits that it is subject to personal jurisdiction in this District for the limited purpose of this action. IBM denies the remaining allegations contained in paragraph 5 of the Complaint.

6. IBM admits that venue is proper in this District. IBM denies the remaining allegations contained in paragraph 6 of the Complaint.

### Count I

### Infringement of U.S. Patent No. 5,867,686

7. IBM admits that a document purporting to be a copy of U.S. Patent No. 5,867,686, entitled "High Speed Real-Time Information Storage System," was attached to the Complaint as Exhibit A. IBM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Complaint and therefore denies them.

8. IBM denies the allegations contained in paragraph 8 of the Complaint.

9. IBM denies the allegations contained in paragraph 9 of the Complaint.

10. IBM denies the allegations contained in paragraph 10 of the Complaint.

11. IBM denies the allegations contained in paragraph 11 of the Complaint.

12.     IBM denies the allegations contained in paragraph 12 of the Complaint.

### Answer to Prayer for Relief

13.     IBM denies that Plaintiff is entitled to any relief whatsoever in this action, either as prayed for in the Complaint or otherwise.

14.     IBM further denies each and every allegation contained in the Complaint to which it has not specifically responded.

### AFFIRMATIVE AND OTHER DEFENSES

IBM alleges and asserts the following defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein:

15.     The Complaint fails to state a claim upon which relief can be granted.

16.     Plaintiff lacks standing to bring and maintain this action against IBM.

17.     IBM does not infringe and has not infringed any claim of U.S. Patent No. 5,867,686, either literally or under the doctrine of equivalents.

18.     The claims of U.S. Patent No. 5,867,686 are invalid for failing to comply with one or more of the conditions for patentability as set forth in Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

19.     Plaintiff's claims are barred in whole or in part by the doctrine of laches.

20.     Plaintiff's claims are barred by 28 U.S.C. § 1498 to the extent they relate to use or manufacture of the invention of U.S. Patent No. 5,867,686 by or for the United States.

21.     IBM reserves the right to assert any additional defenses as they become known during the course of this action or to the extent they are not otherwise deemed affirmative defenses by law.

## PRAYER FOR RELIEF

WHEREFORE, IBM prays for judgment in its favor and against Plaintiff and that IBM be granted the following relief:

A.  Dismissal with prejudice of Plaintiff's Complaint in its entirety;

B.  Denial of all remedies and relief sought by Plaintiff in its Complaint;

C.  Declaring that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding IBM its costs, expenses, and disbursements in this action, including reasonable attorneys fees; and

D.  Awarding IBM such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

IBM hereby demands a jury trial on all the issues so triable.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

John M. Desmarais
Jon T. Hohenthaner
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400


Dated: June 6, 2013
1109465 / 40246

By:  /s/ Richard L. Horwitz
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendant
International Business Machines Corporation*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on June 6, 2013, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on June 6, 2013, the attached document was Electronically Mailed to the following person(s):

| | |
|---|---|
| Richard D. Kirk<br>Stephen B. Brauerman<br>Vanessa R. Tiradentes<br>Bayard, P.A.<br>222 Delaware Avenue, Suite 900<br>P.O. Box 25130<br>Wilmington, DE 19899<br>rkirk@bayardlaw.com<br>sbrauerman@bayardlaw.com<br>vtiradentes@bayardlaw.com | Alexander C.D. Giza<br>Marc A. Fenster<br>Russ, August & Kabat<br>12424 Wilshire Blvd., 12th Floor<br>Los Angeles, CA  90025<br>agiza@raklaw.com<br>mfenster@raklaw.com |

By:  */s/ Richard L. Horwitz*
Richard L. Horwitz
David E. Moore
Bindu A. Palapura
POTTER ANDERSON & CORROON LLP
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

1104065